VICTORY, J.,
additionally concurs and assigns reasons.
Li concur in the majority opinion’s holding that the district court erred in denying defendant’s cause challenge of prospective juror, Roy Johnson. Johnson unequivocally and consistently expressed that he would not consider all relevant mitigating circumstances at the penalty phase of defendant’s capital trial. He was never rehabilitated by the state or the court on this point.
However, I write separately to point out another error that occurred during the penalty phase. In 1999, the legislature amended La.C.Cr.P. art. 905.2(A) to provide that “[t]he sentencing hearing shall focus on the circumstances of the offense, the character and propensities of the offender, and the victim, and the impact that the crime has had on the victim, family members, friends, and associates.” (Emphasis added). Because the character and propensities of the victim can be as much a focus of a capital sentencing proceeding under this statutory enactment as are the defendant’s, the district court erred in excluding the testimony of Danita Larson about the victim’s character and propensities.[1]

. This testimony is in the record because it was proferred by the defendant.